HARRIS, Judge.
The allegations in this Petition for Writ of Prohibition are truly troubling. It appears from an affidavit filed by Pinnacle in support of its Motion to Disqualify the judge that the judge at a previous hearing on a motion for summary judgment refused to consider Pinnacle’s argument that defendant’s affidavit given for the purpose of defeating summary judgment should be stricken since it attempted to repudiate prior deposition testimony. Instead, according to the affidavit, the judge announced that he would never enter a summary judgment. This alleged position of the judge which is contrary to the judge’s obligation under the law of this state is bad enough, but the affidavit goes on to allege that after Pinnacle’s counsel orally moved to disqualify the judge from hearing the motion for summary judgment, the judge ordered him into chambers and advised him that he (the judge) “had a very strong personal dislike for anyone who demonstrated such unprofessional behavior and challenged his authority and that attorneys in his courtroom paid a price for such behavior.”
Pinnacle did not immediately follow up this confrontation with a written motion to disqualify. Pinnacle explains that it decided to give the judge the benefit of the doubt, believing that the judge could set aside his apparent dislike of its attorney and render a fair result. However, after an incident in an unrelated case convinced the attorney that the judge’s impartiality remained compromised because of the previous encounter, Pinnacle moved with supporting affidavit to disqualify the judge.
The judge denied the motion on the basis that it was untimely and failed to state facts that would justify recusal. We disagree on both points. This motion for disqualification is not based on the judge’s avowed refusal to even consider granting summary judgment or even on the court’s alleged intemperate remarks in chambers. It is based on a fear of continuing animosity allegedly held by the judge as evidenced at a more recent, unrelated hearing. We find the motion timely filed. And although the judge’s alleged statements in chambers are not themselves the basis for the motion to disqualify, they are relevant in considering the allegation of a fear of continuing animosity. The court’s alleged threat that a lawyer that challenges his authority will “pay a price” when taken together with the allegations concerning the second, independent hearing are sufficient to require disqualification.
This opinion may have become moot since the judge to whom the petition is directed may have been reassigned to another division in the circuit. We apologize for the delay. This reassigned panel has had this case for only one week.
*991 The Petition for Writ of Prohibition is GRANTED.
COBB and W. SHARP, JJ., concur.